# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBIN ZAK ARMSTRONG, et al.,** } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 4:16-cv-01065-ACA |
| } | |
| **QUENTIN SCOTT, et al.,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 unlawful detention action. Defendants, City of Boaz Police Officers Quenton Scott and Brandon Hester, arrested *pro se* Plaintiffs Robin Zak Armstrong and Timothy-Brian Armstrong. The Plaintiffs allege that Officer Scott and Officer Hester violated their civil rights by not taking them directly to a magistrate judge for a probable cause determination after the arrests.

Before the court are the Plaintiffs' motions for leave to amend their complaint. (Doc. 161; Doc. 166). The parties have fully briefed the motions. (Doc. 161; Doc. 162; Doc. 166; Doc. 167). For the reasons explained below, the court **DENIES** the motions for leave to amend.

## I. PROCEDURAL BACKGROUND

The Plaintiffs filed their initial complaint on June 30, 2016. (Doc. 1). The Plaintiffs' original complaint asserted various claims against a number of defendants, including Officers Scott and Hester, the City of Boaz, Mayor Tim Walker, Boaz City Prosecutor Danny Smith, and Captain Michael Hempel. (Doc. 1). The Defendants moved to dismiss the Plaintiffs' complaint. (Doc. 13; Doc. 15). Pending a ruling on the motions to dismiss, the court (Hopkins, J.) stayed discovery. (Doc. 29).

In response to the motions to dismiss, the Plaintiffs filed an amended complaint. (Doc. 30; Doc. 30-1; Doc. 31). The court (Hopkins, J.) struck the Plaintiffs' amended complaint as an improper shotgun pleading and as non-compliant with Rule 15 of the Federal Rules of Civil Procedure because the Plaintiffs did not receive leave of court or consent of the opposing parties to file the amended complaint. (Doc. 37 at 3-6). The court (Hopkins, J.) gave the Plaintiffs an opportunity to file another amended complaint. (Doc. 37 at 10).

On November 21, 2016, the Plaintiffs filed a second amended complaint. (Doc. 39). The Defendants filed a motion to dismiss the second amended complaint on January 11, 2017. (Doc. 43). On February 14, 2017, without obtaining leave to amend or consent of the opposing parties, the Plaintiffs filed a

third amended complaint. (Doc. 46). The Defendants filed a motion to dismiss the third amended complaint. (Doc. 51).

On July 24, 2017, the court (Hopkins, J.) granted in part and denied in part the Defendants' motion to dismiss the third amended complaint. (Doc. 81). In addition to dismissing other claims, the court (Hopkins, J.) dismissed Ms. Armstrong's § 1983 claims against the City of Boaz for failure to train and failure to enforce policy and terminated the City of Boaz as a defendant. (Doc. 81 at 17-21). Following the ruling, the only claims remaining in this action are Ms. Armstrong's Fourth Amendment unlawful detention claim against Officer Hester and Mr. Armstrong's Fourth Amendment unlawful detention claim against Officer Scott. (Doc. 81 at 59).

The Plaintiffs and the remaining defendants, Officer Scott and Officer Hester, submitted a report of the parties' planning meeting, and the court (Hopkins, J.) entered a scheduling order. (Doc. 92; Doc. 94). The scheduling order imposed the following relevant deadlines:

- Plaintiffs' deadline to amend pleadings: October 2, 2017;
- Discovery deadline: April 4, 2018; and
- Dispositive motion deadline: May 4, 2018.

(Doc. 94).

On May 2, 2018, the Defendants filed motions for summary judgment. (Doc. 148; Doc. 149). The Plaintiffs filed responses on May 30, 2018. (Doc. 156; Doc. 157; Doc. 158). The Defendants filed a reply on June 13, 2016. (Doc. 160).

On June 14, 2018, the Plaintiffs filed a motion for leave to amend their complaint to reassert claims against the City of Boaz. (Doc. 161). On June 20, 2018, the Clerk reassigned this action to the undersigned. (Doc. 163). On July 2, 2018, the Plaintiffs filed an amended motion for leave to amend their complaint and stated that "[i]n order to allow for ample time for [the undersigned] to review this case as well as to allow Claimants to address their property damage [sustained during a June 28, 2018 storm], Claimants wish to postpone the filing of their amended Claim no later than August 20, 2018." (Doc. 166 at 2). On August 20, 2018, the Plaintiffs personally delivered to the Clerk's Office an amended complaint and certified mail service packets. Because the court had not yet ruled on the Plaintiff's motions for leave to amend, at the court's instruction, the Clerk did not file the amended complaint or process the certified mail service packets. Instead, the Clerk stamped the material as received pending resolution of the motions for leave to amend. (*See* August 20, 2018 staff note).

### III. DISCUSSION

The Plaintiffs seek leave to amend their complaint after the amended pleading deadline established in the scheduling order. Therefore, the Plaintiffs

4

must show "good cause" and receive the court's consent. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citation omitted).

By waiting until eight months after the pleading-amendment deadline to seek leave to amend, the Plaintiffs have not demonstrated good cause for the amended pleading. The Plaintiffs attempt to justify the delay by citing to the court's order staying discovery pending a ruling on the Defendants' motion to dismiss. The Plaintiffs argue that they were "denied the right to discovery" and "were barred from obtaining any discoverable evidence" to support their claims against the City of Boaz. (Doc. 161 at 1, ¶¶ 3-4). The Plaintiffs also submit they "were denied access to PUBLIC records by Wrongdoers." (Doc. 161 at 1, ¶ 5) (emphasis in original). Therefore, according to the Plaintiffs, they "were unable to include any specific evidence in their Third Amended Claim." (Doc. 161 at 1, ¶ 5). The Plaintiffs misunderstand the purpose and timing of discovery.

The Supreme Court has cautioned that "the doors of discovery" are not open "for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). And in the Eleventh Circuit, "discovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x. 725, 728 (11th Cir. 2013) (citation and internal quotation marks omitted; emphasis in original); *see e.g., Tolbert v. Trammell*, 2014 WL 3892115, at *9 (N.D. Ala. Aug. 4, 2014) ("Pleadings that fail to state a claim are not entitled to discovery to improve their factual foundation.") (citing *Ashcroft*, 556 U.S. at 679). Therefore, the Plaintiff's contention that their inability to conduct discovery prevented them from stating a plausible claim against the City of Boaz is not persuasive.

Despite their arguments concerning alleged obstacles to discovery, in their motion for leave to amend, the Plaintiffs state that "[c]laimants were able to obtain sufficient evidence via the admissions and interrogatories of [Officer Scott and Officer Hester] to support their claims against the CITY OF BOAZ." (Doc. 161 at 3, ¶ 14) (emphasis in original). The Plaintiffs suggest that they will "incorporate newly discovered evidence provided by [Officer Scott and Officer Hester] in their admissions and interrogatories" into their proposed amended claim against the City of Boaz. (Doc. 161 at 3). Missing from the Plaintiffs' submission is a proposed

6

amended complaint or other information about the nature of the "newly discovered evidence" or how it relates to the proposed amended claim against the City of Boaz. Therefore, the Plaintiffs have not shown good cause for the proposed amendment. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (district court did not abuse its discretion in denying *pro se* plaintiff's motion for leave to amend where plaintiff alleged that "discovery had produced new violations of the [l]aw that must be addressed within the counts of the complaint, but he failed to further indicate what those new violations were, what facts supported them, and why those facts previously were undiscoverable") (internal quotation marks omitted; alteration in original).

In addition, the Plaintiffs have not shown that they exercised diligence in seeking leave to amend once armed with the information that they argue supports an amended claim against the City of Boaz. At the latest, the Plaintiffs had in their possession all of the Defendants' discovery responses by March 30, 2018. (*See* Doc. 101; Doc. 102; Doc. 111; Doc. 112; Doc. 113; Doc. 114; Doc. 130; Doc. 131; Doc. 135; Doc. 136). Yet, the Plaintiffs did not file a motion for leave to amend until two and a half months later on June 14, 2018. (Doc. 161). The Plaintiffs have offered no explanation for this delay.

Even if the Plaintiffs were able to overcome Rule 16(b)'s good cause hurdle, amendment would not be appropriate under Rule 15 of the Federal Rules of Civil Procedure. Where a plaintiff seeks to amend his complaint after he previously filed an amended complaint or after a responsive pleading has been filed, the plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the court need not allow the amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

A number of factors weigh against amendment under the circumstances of this case. First, the Plaintiffs have had three previous opportunities to adequately state a claim against the City of Boaz, and they have been unable to cure the deficiencies. They will not receive a fourth chance. Second, undue delay and prejudice to the Defendants weigh against amendment. The discovery deadline passed nearly five months ago. The Defendants filed motions for summary judgment nearly four months ago, and the motions are fully briefed and under submission for the court's review. Therefore, amendment is not proper at this

stage in the proceedings. *See Smith*, 487 F.3d 1361 at 1367 (district court properly denied leave to amend on untimeliness grounds because the defendant's motion for summary judgment had been pending for one month before plaintiff filed a motion for leave to amend); *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir.2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.").

## III. CONCLUSION

For the reasons outlined above, the court **DENIES** the Plaintiffs' motions for leave to amend their complaint. (Doc. 161; Doc. 166).

**DONE** and **ORDERED** this August 31, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE